United States District Court
Southern District of Texas
**ENTERED**
May 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| v. | § § | CRIMINAL NO. 2:17-746 |
| ADAM LEE RODRIGUEZ, Defendant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Adam Lee Rodriguez's letter motion seeking to serve his federal sentence before or concurrent with his later-imposed state sentence. D.E. 24.

## I. BACKGROUND

On December 6, 2017, Defendant was arrested after being indicted by a federal grand jury for being a felon in possession of a firearm and ammunition. He pled guilty and was sentenced on May 10, 2018, to 63 months' imprisonment. According to his Presentence Investigation Report (D.E. 18), at the time of his federal arrest and sentencing, Defendant faced pending charges in Nueces County, Texas, for tampering/fabricating physical evidence with intent to impair, possessing a controlled substance, and possessing a prohibited weapon (knuckles), stemming from a January 1, 2017 arrest; unauthorized use of a vehicle, stemming from a July 24, 2017 arrest; and robbery and aggravated robbery, stemming from an October 22, 2017 arrest.

Defendant states that, after his federal sentencing hearing, he was picked up by "Nueces County" and sentenced to 20 years' imprisonment in the Texas Department of

1

Criminal Justice (TDCJ). He further states that "they"—presumably the state court—told him that his state sentence would run concurrently with his federal sentence. According to the TDCJ's website, on November 9, 2018, Defendant was sentenced in Nueces County to: one year of imprisonment for possession of a controlled substance and five years' imprisonment for tampering with physical evidence with the intent to impair an investigation, in Case No. 17FC-0015G; five years' imprisonment for unauthorized use of a vehicle, in Case No. 17FC-3023-G; and eight years' imprisonment for robbery and 20 years' imprisonment on each of seven counts of aggravated robbery, in Case No. 17FC-4285G. Defendant has a projected release date of October 21, 2037, and is eligible for parole on October 21, 2027. *See* TDCJ, Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05724325 (last visited May 7, 2021).

Defendant now moves the Court to order that he be allowed to serve his federal sentence first so that he can "get it out of the way." He also appears to request that his federal sentence run concurrently with his state sentences.

## II. MOTION TO SERVE FEDERAL SENTENCE FIRST

The Eighth Circuit has succinctly summarized what often happens when the federal government prosecutes an individual previously arrested on state charges:

> This issue arises when, as in this case, the State has initial custody and "loans" the defendant to federal authorities for federal prosecution. After a federal conviction and sentencing, the U.S. Marshals Service returns the defendant to state authorities rather than delivering him to the BOP to begin serving his federal sentence. When the defendant is convicted in state court and begins serving his state sentence,

> a federal detainer is lodged based upon the unserved federal sentence. When the state sentence has been served, the detainer is executed and the defendant is delivered to the BOP to serve his federal sentence. The issue is compounded when, again as in this case, the state court initially declares that the sentences should be concurrent.

*Fegans v. United States*, 506 F.3d 1101, 1103–04 (8th Cir. 2007) (internal footnote omitted).

The general rule is that the sovereign that first arrests a defendant has primary custodial jurisdiction over the defendant, unless and until that sovereign releases the defendant by way of bail, dismissal of charges, or completion of its sentence. *See United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998). Federal courts have "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence . . . ." *Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992). Even where a defendant's federal sentence is pronounced first, and the state court subsequently orders that his state sentence should run concurrently with his federal sentence, "the U.S. Marshals Service [is not] legally obligated to deliver him to federal prison for the service of concurrent sentences ordered by the state court." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *Del Guzzi*, 980 F.2d at 1271). Because this Court has no authority to order that Defendant be allowed to serve his federal sentence before he has completed his state sentence, his motion is denied.

### III. Motion to Run Federal and State Sentences Concurrently

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court

3

specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see also* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010). Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise, there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) ("district court may order that a federal sentence run concurrent with a forthcoming state sentence").

Defendant claims that state authorities ordered his state sentence to run concurrently with his federal sentence. The federal judgment (D.E. 21), however, is silent. The presumption is that Defendant's federal sentence runs consecutively to his later-imposed state sentence, and the Court has limited authority to amend the judgment.

The issue of whether Defendant's forthcoming state sentence would run consecutively or concurrently with his federal sentence was not raised during sentencing by Defendant or anyone else, and the Court made no comment on concurrency. Minute Entry May 10, 2018, ERO at 1:51–1:59 P.M. Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006)

(district court made no clerical error in its written judgments and did not err in denying Rule 36 motion, where judgments were silent as to concurrency and court made no comment on concurrency at sentencing). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at *2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

However, Defendant is not without recourse. "Under the BOP's nunc pro tunc designation procedure set forth in [BOP Program Statement] BOPPS 5160.05, 'where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence.'" *United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) (quoting *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)). BOPPS 5160.05 provides that an inmate "may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation" listing a state institution as his place of confinement, and "the Bureau must consider an inmate's request." BOPPS 5160.05 § 9(b)(4).

"'The determination by federal authorities that [a defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-

5

obtained state conviction.'" *Leal*, 341 F.3d at 429 (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)); *see also Fegans*, 506 F.3d at 1104 ("It is well-settled that the state court's intent is not binding . . . ."). However, in cases where the state court orders an inmate's sentences to run concurrently but the federal court is silent, "one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge *did say* rather than what the federal judge *did not* . . . ." *Mangum v. Hallembaek*, 824 F.3d 98, 103 (4th Cir. 2016) (emphasis in original).

Finally, while a "district court has no authority under BOPPS 5160.05 to make a nunc pro tunc designation, [] it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition." *Jack*, 566 F. App'x at 332; *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16 and collecting cases). Any challenge to the BOP's calculation of sentencing credit pursuant to § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at TDCJ's Bill Clements Unit in Amarillo, Texas, which is located in the Northern District of Texas. Assuming Defendant remains incarcerated in Amarillo, he

6

should file any § 2241 petition in the Northern District of Texas, after first exhausting his administrative remedies.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion to serve his federal sentence before or concurrent with his later-imposed state sentence (D.E. 24) is **DENIED**.

**ORDERED** 5/28/2021.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

1. Because Defendant is not currently in BOP custody, he may pursue his administrative remedies by contacting:
Designation & Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Dr.
Grand Prairie, TX 75051